UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CAPTAIN PROPERTIES VI, LP, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:14-CV-1370 CAS |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

## ORDER CONCERNING REMOVAL

This matter is before the Court on review of the file following removal and reassignment. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). Statutes conferring diversity jurisdiction are to be strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992), as are removal statutes. Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002).

Plaintiff initially filed suit in the Circuit Court of St. Louis County, State of Missouri. The petition alleges state law claims for breach of insurance contract and vexatious refusal to pay. Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the existence of jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938). The district court may also look to the notice of removal to determine its

jurisdiction. 28 U.S.C. § 1446(c)(2)(A)(ii) (2011); Ratermann v. Cellco P'ship, 2009 WL 1139232, at *3 (E.D. Mo. Apr. 28, 2009). The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009). "[A]ll doubts about federal jurisdiction must be resolved in favor of remand[.]" Id.

The diversity jurisdiction statute, 28 U.S.C. § 1332, requires complete diversity of citizenship between plaintiffs and defendants. Buckley v. Control Data Corp., 923 F.2d 96, 97, n.6 (8th Cir. 1991). To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987); see 28 U.S.C. § 1332(a). It is well established that an allegation of residence is not the equivalent of an allegation of citizenship, Sanders, 823 F.2d at 216, and does not satisfy the pleading requirements for federal diversity jurisdiction under § 1332(a)(1). Jones v. Hadican, 552 F.2d 249, 251 n.3 (8th Cir. 1977).

In Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (1990), the Supreme Court held that for diversity purposes, the citizenship of a limited partnership is the citizenship of each of its partners, both general and limited. See Buckley, 923 F.2d at 97 (applying Carden). In the case of a removed action, diversity must exist both when the state petition is filed and when the petition for removal is filed. Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001) (citing 28 U.S.C. § 1447(e)).

With respect to the parties' citizenship, plaintiff alleges in its petition that it is a limited partnership organized in the State of Missouri with its principal place of business in the State of

2

Missouri. Defendant's removal notice states that plaintiff "alleges to be a resident of Missouri" but does not allege facts concerning plaintiff's citizenship. Notice of Removal at ¶ 7. The removal notice contains no allegations regarding the relevant jurisdictional facts concerning plaintiff's citizenship: the state of citizenship of each of plaintiff's partners, general and limited, at the time the petition was filed and at the time of removal, as required by the Carden and Ryan cases. Therefore, the Notice of Removal is procedurally defective and the Court cannot determine whether diversity jurisdiction exists.

The Court will grant defendant fourteen (14) days in which to file an amended Notice of Removal alleging the existence of the requisite diversity of citizenship of the parties. Consistent with 28 U.S.C. § 1446(a), which requires that the notice of removal contain a "short and plain statement" of the grounds for removal and be signed pursuant to Rule 11, Federal Rules of Civil Procedure, this Order requires only allegations of the requisite jurisdictional facts. Defendant's failure to timely and fully comply with this Order will result in the remand of this case for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that, by **August 29, 2014**, defendant shall file an Amended Notice of Removal which shall allege facts establishing plaintiff's citizenship and the state(s) of citizenship of each of plaintiff's partners, both at the time of filing and the time of removal.

**IT IS FURTHER ORDERED** that if defendant does not timely and fully comply with this order, this matter will be remanded to the state court from which it was removed, for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 15th day of August, 2014.